Kyle S. Hirsch, Esq. (#024155)
Amanda L. Cartwright, Esq. (#030488)
**BRYAN CAVE LLP**
Two N. Central Avenue, Suite 2100
Phoenix, AZ 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
Email: kyle.hirsch@bryancave.com
 amanda.cartwright@bryancave.com

Attorneys for UMB Bank, n.a.

**IN THE UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>GREEN FUEL TECHNOLOGIES, L.L.C.<br><br>Debtor. | Case No. 2:17-bk-00594-BMW<br><br>Chapter 11<br><br>**OBJECTION TO MOTION TO ASSUME EXECUTORY CONTRACTS WITH GRANITE CONSTRUCTION AND AMES CONSTRUCTION**<br><br>**Hearing Date: April 5, 2017**<br>**Hearing Time: 10:00 a.m.** |

Secured Creditor UMB Bank, n.a. ("UMB"), by and through undersigned counsel, hereby submits this objection (the "Objection") to the *Motion To Assume Executory Contracts With Granite Construction And Ames Construction* filed by the above-captioned debtor ("Debtor") on March 21, 2017 [DE #72] ("Assumption Motion").

The Assumption Motion is an end-run around the pending *Emergency Motion For Order Authorizing Debtor To Pay Certain Prepetition Claims In The Ordinary Course Of Its Business* filed by the Debtor on February 15, 2017 [DE #45] ("Claims Payment Motion"), seeking authority to pay prepetition claims outside the context of a plan of reorganization. The Assumption Motion seeks to take advantage of the less-stringent "business judgment" standard in order to pay two of the three prepetition creditors identified in the Claims Payment Motion.[1] Both the Assumption Motion and the Claims Payment Motion seek permission to circumvent the Bankruptcy Code's priority scheme to pay in full prepetition unsecured creditors outside the context of a plan of

---

[1] As supplemented on March 8, 2017, DE #65.

reorganization. The proposed assumption requires the Debtor to cure using UMB's cash collateral, but fails to adequately protect UMB for such use. The Debtor cannot reasonably rely on future work while it remains a debtor in bankruptcy, and the Debtor has failed to demonstrate any net benefit resulting from assumption. The Assumption Motion must therefore be denied.

This Objection is more fully supported by the following Memorandum of Points and Authorities and the entire record before the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  RELEVANT FACTUAL BACKGROUND.**

1. On January 20, 2017 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. ("Bankruptcy Code").

2. The Debtor continues to operate its business as a debtor in possession under Sections 1107 and 1108 of the Bankruptcy Code.

3. This Court has jurisdiction over the Debtor's bankruptcy case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

4. The Debtor owes UMB no less than $729,379.77 pursuant to a prepetition line of credit loan (as the same has been modified from time to time, "Loan") extended by UMB on April 30, 2012, that is secured by properly perfected liens in virtually all of the Debtor's personal property assets ("Collateral"). *See* DE #20, Exs. A-B. The Debtor admits that it owes UMB $701,000. *See* DE #38, at 8 ¶ 2.2.

5. Between November 30, 2016, and the Petition Date, according to the Debtor's own records, the Debtor's <u>total</u> accounts receivable declined by nearly $700,000 - down from nearly $1.1 million to just over $400,000. *See* DE #38, Exs. C-D. As of March 27, 2017,[2] the Debtor had less than $470,000 in accounts receivable.

---

[2] As of the filing of this Objection, the Debtor had not delivered the updated weekly budget-to-actual and accounts receivable aging reports that are due each Monday. *See* Order, DE # 53, ¶ G.

BRYAN CAVE LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
(602) 364-7000

6. Even after collecting prepetition receivables of nearly $700,000, the Debtor asserted a Petition Date cash balance of $230,000 - reflecting $450,000 of cash depletion in less than two months immediately prepetition. *See* DE #38, at 1 ¶ 5.

7. As of April 3, 2017, the Debtor had less than $70,000 in cash in its debtor-in-possession account, reflecting a postpetition decline in the value of UMB's cash collateral of approximately $160,000.

8. The Debtor was scheduled to pay $7,000 monthly adequate protection payments to UMB. *See* Order, DE #53. As of the filing of this Objection, UMB has received only $14,000 in monthly adequate protection payments.

9. On February 15, 2017, the Debtor filed the Claims Payment Motion seeking authority to pay certain prepetition claims - including Pantheon and Marco Crane & Rigging ("Claimants") - asserting a risk of hypothetical harm. UMB objected to the Claims Payment Motion, which remains pending.

10. After the initial hearing on the Claims Payment Motion, the Debtor filed the Assumption Motion, asserting that the Claimants must be paid in full in order to cure existing defaults under its contracts with Granite Construction ("Granite") and Ames Construction ("Ames").

11. With respect to Granite, the Debtor seeks permission to pay a $50,107.64 prepetition claim to Pantheon in order to collect nearly $20,000 in past due accounts receivable and approximately $85,000 in potential future billings.

12. The Debtor asserts that assumption "would ensure that Debtor . . . continues as a subcontractor on future Granite projects" and "would prevent the Debtor from being disqualified from all future ADOT projects." Assumption Motion, at 5 ¶ 16.

13. Under the Granite contract attached to the Assumption Motion at Exhibit A, an event of default occurs and Granite can terminate the contract, if the Debtor becomes a debtor in bankruptcy. *See* Assumption Motion, Ex. A, § 16.2.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

14. With respect to Ames, the Debtor seeks permission to pay a $17,884.80 prepetition claim to Marco Crane & Rigging in order to collect approximately $60,000 in past due prepetition accounts receivable and nearly $90,000 in potential future billings.

15. Similar to the Granite contract, under the Ames contract attached to the Assumption Motion at Exhibit B, Ames can terminate the contract if the Debtor becomes insolvent. *See* Assumption Motion, Ex. B, § 14.

## II. **LEGAL ARGUMENT**.

Bankruptcy Code section 365 authorizes the trustee to assume or reject an executory contract under certain circumstance. In order to assume a contract with an existing default, the trustee must, among other things, cure or adequately assure prompt cure of such existing default. 11 U.S.C. § 365(b)(1). The cure requirement does not apply to certain defaults, including defaults arising from a breach of a contract provision relating to the insolvency or financial condition of the debtor. 11 U.S.C. § 365(b)(2). Contract assumption is subject to the trustee's business judgment, which is entitled to some deference but remains subject to the court's analysis of the best interests of creditors. *See, e.g., In re Dewey Ranch Hockey, LLC*, 406 B.R. 30, 41 (Bankr. D. Ariz. 2009) (denying motion to assume and assign executory contract). The Debtor has failed to satisfy its burden of proof.

With respect to Granite, the Debtor seeks permission to pay more than $50,000 in order to collect less than $20,000 in outstanding accounts receivable - a net $30,000 reduction in estate value. This *quid pro quo* clearly does not benefit the estate.

The Debtor relies on the "prospect" of additional "expected" future billings. These future billings do not take into account the expenses incurred by the estate to generate such billings - the labor, material costs, subcontractors, etc. Without analyzing the expenses incurred to perform the work necessary to submit the billings, the Debtor has failed to establish any net benefit to the estate. In addition, the Debtor carefully uses language suggesting that future billing is uncertain, raising serious questions of the Debtor's business judgment in taking on additional risk of non-payment for work performed.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

The Debtor also speculates that assumption will "ensure" that Granite will hire the Debtor on future contracts, and that ADOT would allow the Debtor to perform work on these or other future projects. The Debtor's contracts with Granite and Ames contain provisions that allow contract termination based on the Debtor's bankruptcy filing and/or insolvency - so there is no assurance that either Granite or Ames will grant the Debtor any other or future contract. The Debtor has not offered any evidence regarding ADOT's standards for qualifying subcontractors who have filed for bankruptcy protection or are insolvent.

Finally, whether the Debtor has satisfied its burden, UMB objects to the use of its cash collateral to pay these prepetition claims without a meaningful adequate protection payment. Any cure payment would come from UMB's cash collateral because the estate has no unencumbered cash. The Debtor has failed to propose any adequate protection for UMB in connection with the proposed cure payments. *See* 11 U.S.C. § 363(p)(1) (debtor bears burden of proving adequate protection). The Debtor has failed to establish any net benefit to the estate or any other adequate protection of UMB's interests; any net loss directly impacts UMB's interest in collateral. To the extent the Court considers granting the relief requested in the Assumption Motion, UMB is entitled to meaningful adequate protection payments. 11 U.S.C. § 363(e).

## III. <u>CONCLUSION</u>.

The Assumption Motion seeks authority to pay in full prepetition unsecured creditors (Pantheon and Marco Crane & Rigging) outside the context of a plan with UMB's collateral and without any adequate protection of UMB's interests. The Debtor has failed to establish that granting the Assumption Motion is in the best interests of the Debtor's estate.

///

///

///

Accordingly, UMB asks that the Court deny the Assumption Motion and grant such other and further relief as the Court deems appropriate under the circumstances.

DATED this 3rd day of April, 2017.

BRYAN CAVE LLP


By /s/ KSH, 024155
   Kyle S. Hirsch
   Amanda L. Cartwright
   Two N. Central Avenue, Suite 2100
   Phoenix, AZ 85004-4406
   Attorneys for UMB Bank, n.a.

| | |
|---|---|
| 1 | COPY served via email and/or US Mail this 3rd day of April, 2017, upon: |
| 2 | Pernell W. McGuire, Esq. |
| 3 | Preston Gardner, Esq.<br>Davis Miles McGuire Gardner, PLLC |
| 4 | 40 E. Rio Salado Parkway<br>Ste. 425 |
| 5 | Tempe, AZ 85281<br>pmcguire@davismiles.com |
| 6 | pgardner@davismiles.com<br>Attorneys for Green Fuel Technologies, L.L.C. |
| 7 | Renee Sandler Shamblin |
| 8 | Office of the United States Trustee<br>230 N. First Avenue, Suite 204 |
| 9 | Phoenix, AZ 85003-1706<br>renee.s.shamblin@usdoj.gov |
| 10 | Patrick A. Clisham, Esq. |
| 11 | ENGELMAN BERGER, P.C.<br>3636 N. Central Avenue, Suite 700 |
| 12 | Phoenix, AZ 85012<br>pac@eblawyers.com |
| 13 | Attorneys for Titan Bank, N.A. |

/s/ Lisa Remus

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000