ILENE J. LASHINSKY (#003073)
United States Trustee
District of Arizona

CHRISTOPHER J. PATTOCK (#009797)
Trial Attorney
230 N. 1st Ave., #204
Phoenix, Arizona 85003-1706
Telephone: (602) 682-2614
Facsimile: (602) 514-7270
E-Mail: Christopher.J.Pattock@usdoj.gov

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re: | ) Chapter 11 |
|---|---|
| GREEN FUEL TECHNOLOGIES, | ) No. 2:17-bk-00594-BMW |
| | ) |
| | ) UNITED STATES TRUSTEE'S |
| | ) OBJECTION TO DEBTOR'S MOTION |
| | ) FOR ENTRY OF FINAL DECREE |
| Debtor. | ) |

Hearing Date: Not yet set.
Time:         Not yet set.
Location:     38 S. Scott Ave.
              Courtroom #446

The United States Trustee for the District of Arizona, Region 14 ("UST"), pursuant to 28 U.S.C. §§ 586(a)(3)(B) and 1930, and 11 U.S.C. § 307, hereby objects to the Debtor's "Application for Final Decree," on two separate grounds:

**Ground One**

1. A chapter 11 estate must be "fully administered" within the meaning of 11 U.S.C. § 350(a) and Fed. R. Bankr. P. 3022 in order for the debtor to be entitled to a final decree order. There are six (6) factors the Court should consider in determining whether an estate has been fully administered. The 1991 Advisory Committee Note to Rule 3022 indicates: "Factors that the court should consider in determining

whether the estate has been fully administered include (1) whether the order confirming the plan has become final; (2) whether deposits required by the plan have been distributed; (3) whether the property proposed by the plan to be transferred has been transferred; (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (5) whether payments under the plan have commenced; and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved."

2. In this case it is clear that only the first of these six events have occurred: the September 14, 2017 confirmation Order has become final. But the Debtor has provided no substantiation for its assertions in its Motion concerning payment to creditors, or any of the other aforesaid sixth criteria.

3. The primary method of substantiation normally occurs via the information set forth in post-confirmation quarterly reports. The purpose of these reports is to assert *under penalty of perjury* what progress has been made toward consummation of the plan. Very significantly, these reports contain a chart indicating what payments have been made under the plan and what payments remain.1  *In this case,*

---

1 The Debtor's Plan provides that the "Effective Date" of the plan is "[t]he first of the month following no less than 30 days after the Confirmation Order has been entered." *See* Plan at 3, lines 25-25, docket number 103. That date was presumably November 1, 2017. The Plan also provides that payments shall commence on the Effective Date to creditors in Class 1 (Administrative), Class 4 (Secured – UMB Bank), Class 5 (Secured – WebBank), and Class 6 (Allowed Unsecured). *Id.*, at 6-7.

2

*the Debtor has filed <u>no</u> post-confirmation reports since the plan was confirmed.*

### **Ground Two**

4. Pursuant to 28 U.S.C. § 1930, as amended on January 27, 1996, and as further amended on September 30, 1996, chapter 11 debtors are obligated to pay quarterly fees to the Office of the United States Trustee until the case is dismissed, converted, or closed by the court. *See United States Trustee v. Cf & I Fabricators of Utah, Inc.*, 150 F.3d 1233 (10th Cir. 1998).

5. This Court has jurisdiction to order payment of both pre- and post-confirmation quarterly fees pursuant to 28 U.S.C. §§ 1334 and 157. *Id.*, and *United States Trustee v. Kroy (Europe) Limited*, 222 B.R. 345 (D. Ariz. 1998).

6. The Debtor has not paid quarterly fees for the 3rd quarters of 2018, or for the current quarter, the 4th quarter of 2017.

7. As noted above, the Debtor has not filed <u>any</u> post-confirmation quarterly reports, as required by the United States Trustee's Guidelines and 28 U.S.C. § 586(a)(3). Accordingly, it is delinquent in the filing of a report for the 3rd quarter of 2017.

WHEREFORE, based upon her assertions under "Ground One," the United States Trustee respectfully requests that the Court deny the Debtor's motion at this time, or at least until such time as the Debtor can show that the case has been fully administered.

3

In addition, and based upon her assertions under "Ground Two," the United States Trustee respectfully requests that the Court enter an order requiring the Debtor to bring current the filing of its post-confirmation quarterly reports and also requiring the Debtor to pay its unpaid post-confirmation quarterly fees, prior to case closure.

RESPECTFULLY SUBMITTED this 8th day of December, 2017.

ILENE J. LASHINSKY
United States Trustee
District of Arizona

CHRISTOPHER J. PATTOCK
Trial Attorney

Copies of the foregoing mailed
on the 11th day of December, 2017, to:

PERNELL W. MCGUIRE, ESQ.
M. PRESTON GARDNER, ESQ.
DAVIS MILES MCGUIRE GARDNER, PLLC
40 E RIO SALADO PARKWAY, #425
TEMPE, AZ 85281

GREEN FUEL TECHNOLOGIES
3423 S. 51ST AVE.
PHOENIX, AZ 85043

_____

4