ILENE J. LASHINSKY (#003073)
United States Trustee
District of Arizona

CHRISTOPHER J. PATTOCK (#009797)
Trial Attorney
230 N. 1st Ave., #204
Phoenix, Arizona 85003-1706
Telephone: (602) 682-2614
Facsimile: (602) 514-7270
E-Mail: Christopher.J.Pattock@usdoj.gov

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| GREEN FUEL TECHNOLOGIES, | No. 2:17-bk-00594-BMW |
| Debtor. | UNITED STATES TRUSTEE'S MOTION FOR STATUS HEARING ON PLAN CONSUMMATION; TO COMPEL FILING OF POST-CONFIRMATION REPORTS AND PAYMENT OF QUARTERLY FEES; FOR ENTRY OF JUDGMENT FOR UNPAID FEES; AND/OR FOR DISMISSAL OR CONVERSION OF CASE |

The United States Trustee for the District of Arizona, Region 14 ("UST"), by and through her undersigned attorney, and in accordance with the administrative duties set forth in 28 U.S.C. § 586(a) and 11 U.S.C. § 307, hereby respectfully moves this court for an order setting a status hearing pursuant to 11 U.S.C. § 105 in order to determine the extent of consummation, if any, of the Debtor's Chapter 11 Plan (the "Plan"), which was confirmed pursuant to this Court's Order dated September 14, 2017, to compel the filing of delinquent post-confirmation

financial reports, and to compel the payment of outstanding quarterly fees due to the United States Trustee or the entry of a judgment for all outstanding fees. It is also respectfully requested that this court consider dismissing or converting this case to Chapter 7 for cause pursuant to 11 U.S.C. § 1112(b), if it is determined that such action is warranted and appropriate.

    This Motion is supported by the entire record of this case, the grounds more specifically set forth in the attached Memorandum of Points and Authorities.

    RESPECTFULLY SUBMITTED this 18th day of September, 2018.

                          ILENE J. LASHINSKY
                          United States Trustee
                          District of Arizona

                          <u>CJP AZ Bar # 009797</u>
                          CHRISTOPHER J. PATTOCK
                          Trial Attorney

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. STATEMENT OF FACTS**

1.   On January 20, 2017, Green Fuel Technologies (the "Debtor") filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code.

2.   On September 14, 2017, the Debtor confirmed its plan of reorganization.  *See* docket number 213.

3.   The Debtor is delinquent in the filing of post-confirmation quarterly reports for the first quarter of 2018, and the second quarter of 2018.

4.   The Debtor is also delinquent in the payment of the quarterly fees for the first quarter of 2018, and the second quarter of 2018.  Currently, the Debtor has a past due quarterly fee balance in the estimated amount of $9,750.

5.   Despite the passage of more than a year, the Debtor has not yet obtained a Final Decree.  Moreover, the Debtor previously filed a motion for final decree on December 1, 2017, but - following an objection filed by the UST - did not pursue its motion any further.  *See* docket number 227.

**II.   LEGAL ANALYSIS**

**A.   Legal Grounds for Dismissal or Conversion**

11 U.S.C. § 1112(b)(1) provides that absent unusual circumstances specifically identified by the court which

establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court *shall* convert a case under Chapter 11 to chapter 7 or dismiss it, whichever is in the best interests of creditors and the estate, if the movant establishes "cause." (Emphasis supplied.) "Cause" is defined by 11 U.S.C. § 1112(b)(4) to (non-exclusively) include: (F) un-excused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this title; (M) Inability to effectuate substantial consummation of a confirmed plan; (N) material default by the debtor with respect to a confirmed plan.

Courts have wide discretion in determining what constitutes such cause. *See In re Johnston*, 149 B.R. 158, 160 (9th Cir. BAP 1992) and *Matter of Nugelt, Inc.*, 142 B.R. 661, 665 (Bankr. D. Del. 1992) (citing *In re Berryhill*, 127 B.R. 427, 430 (Bankr. N.D. Ind. 1991)).

**B.    Post Confirmation Compliance With Plan**

Over a year has passed since the confirmation of the Debtor's plan. The Debtor has not followed up on its December 2017 motion for final decree. The Debtor's last post-confirmation report, for the 4th quarter of 2017, reveals that it has made only one plan payment to unsecured creditors (for $8,252; *See* docket number 234). This all suggests the

possibility that the Debtor is unable to effectuate substantial consummation of a confirmed plan and/or is in material default of its plan, thus constituting cause within the meaning of 11 U.S.C. Sections 1112(b)(4)(M) and (N), respectively.

**C.  Post-Confirmation Reports**

The United States Trustee's Guidelines and 28 U.S.C. § 586(a)(3) require all post-confirmation debtors to file post-confirmation quarterly operating reports on a quarterly basis. The Debtor's failure to file reports constitutes cause under both subsections "F" (failure to satisfy reporting requirements) and "N" (material default) of § 1112(b)(4).

**D.  Post Confirmation Fees**

Payment of quarterly fees to the United States Trustee Program is required by 28 U.S.C. § 1930(a)(6), and Debtors are obligated to pay them until their cases are dismissed, converted, or closed by the court. *See In re Rhead*, 232 B.R. 175 (Bankr. D. Ariz. 1999). The failure to make such payments constitutes cause for dismissal or conversion of a chapter 11 case under subsections "K" (failure to pay fees required under chapter 123 of title 28), "M" (inability to effectuate substantial consummation of a confirmed plan), and "N" (material default by the debtor with respect to a confirmed plan) of § 1112(b)(4). This Court has jurisdiction to order payment of both pre- and post-confirmation quarterly fees pursuant to 28

U.S.C. §§ 1334 and 157, and *United States Trustee v. Kroy (Europe) Limited*, 222 B.R. 345 (D. Ariz. 1998).

**E.    Alternative to Dismissal or Conversion**

If the Court does not believe conversion or dismissal to be appropriate at this time, it is alternatively and respectfully requested that the Court set deadlines by which the Debtor must: 1) bring current all delinquent post-confirmation operating reports and quarterly fees; and 2) file a motion for final decree.

WHEREFORE, the United States Trustee respectfully requests the Court conduct a status hearing: (1) to determine whether the Debtor is in default under its Plan; (2) to compel the filing of post-confirmation reports; (3) to compel the payment of delinquent quarterly fees or enter judgment for any delinquent quarterly fees owed to the United States Trustee and (4) to determine whether conversion or dismissal of the case is warranted for cause.

RESPECTFULLY SUBMITTED this 18th day of September, 2018.

           ILENE J. LASHINSKY
           United States Trustee
           District of Arizona


           <u>CJP AZ Bar # 009797</u>
           CHRISTOPHER J. PATTOCK
           Trial Attorney

```
 1   Copies of the foregoing sent by e-mail
 2   on September 18, 2018 and by regular mail
     on September 19, 2018, to:
 3
     PERNELL W. MCGUIRE, ESQ.
 4   M. PRESTON GARDNER, ESQ.
     DAVIS MILES MCGUIRE GARDNER PLLC
 5   40 E. RIO SALADO PKWY, #425
     TEMPE, AZ 85281
 6   Email: pgardner@davismiles.com
 7

 8
     /s/ Christopher J. Pattock
 9
```